## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**SHAWNE D. BROGDON,**

      **Petitioner,**

**v.**                          **Case No. 5:20cv067-RV/MAF**

**MARK INCH, Secretary,**
**Department of Corrections,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On January 31, 2020, Petitioner Shawne D. Brogdon, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  On July 31, 2020, Respondent filed an answer, with exhibits.  ECF No. 15.  Petitioner filed a reply on August 28, 2020.  ECF No. 18.

On September 2, 2020, Petitioner filed a Motion for Summary Judgment and Expedited Ruling.  ECF No. 19.  In this motion, Petitioner explains that his no contest plea of March 17, 2014, did not "affirmatively show that he knowingly, intelligently, and voluntarily waived his constitutional rights thereby denying him due process of law" and the record "is sufficiently clear to resolve Petitioner's claim that his plea was unknowing and

involuntary." *Id.* at 1-2.   In particular, Petitioner asserts that "record evidence of the plea transcript demonstrates the Petitioner did not knowingly or intelligently waive his constitutional rights rendering the plea unconstitutional and void." *Id.* at 3.   Petitioner concludes he "does not seek an evidentiary hearing in this cause but requests this Court grant his motion for an expedited ruling and a summary judgment in favor of the Petitioner allowing him to withdraw his plea affording him a new trial or to plead again, or alternatively, issue an order that this Court will grant a writ of habeas corpus freeing the Petitioner from his unconstitutional confinement unless the State holds a new trial within a specified time." *Id.* at 4.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case.   *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.   For the reasons stated herein, the pleadings and attachments before the Court show Petitioner is not entitled to federal habeas relief, and the § 2254 petition should be denied.

## Background and Procedural History

By information filed May 27, 2010, in Bay County Circuit Court Case 10-1148, the State of Florida charged Petitioner Shawne D. Brogdon with three counts in connection with events that took place on or about April 14, 2010: (1) possession of cocaine, a third degree felony, contrary to section 893.13(6)(a), Florida Statutes; (2) possession of paraphernalia, a first degree misdemeanor, contrary to section 893.147(1)(b), Florida Statutes; and (3) resisting an officer without violence, a first degree misdemeanor, contrary to section 843.02, Florida Statutes. Ex. B1 at 52.[1] On July 22, 2011, Brogdon entered a no contest plea to each count. Ex. B1 at 128-29. The court adjudicated him guilty and, pursuant to the plea agreement, sentenced him to three years of probation on the first count and time served on the other two counts. *Id.* at 136-38. Brogdon did not appeal. *See* Ex. A1 at 3.

On June 3, 2012, the state trial court issued a warrant for violation of probation (VOP) based on Brogdon's arrest on June 2, 2012, for new law violations, exposure of sexual organs and stalking. Ex. B1 at 147. On

---

[1]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 15.

Case No. 5:20cv067-RV/MAF

September 12, 2012, Brogdon admitted to the violation, *id.* at 180, and on September 27, 2012, nunc pro tunc September 19, 2012, the court modified his sentence to include one year in jail, followed by the remainder of his original probation term as well as substance abuse treatment, *id.* at 186-88, as provided in his plea, *see id.* at 180.   Brogdon did not appeal.   *See* Ex. A1 at 2.

On August 1, 2013, the state trial court issued another VOP warrant, based on allegations that Brogdon had absconded from supervision, changed employment without permission, and failed to submit monthly reports.   Ex. B1 at 202-05.   Then, on October 2, 2013, by information filed in Bay County Circuit Court, case number 13-2895, the State charged Brogdon with two new law violations, burglary of a dwelling and petit theft. Ex. A2; Ex. B1 at 314.

On March 17, 2014, relevant to the ground raised in this habeas petition, Brogdon entered a written plea agreement to resolve both the VOP and the new law violations.   Ex. B1 at 211-12.   Pursuant to the agreement, the court sentenced him to thirty (30) months in prison in each case to run concurrently, followed by five (5) years of probation in case number 13-2895.

Ex. B1 at 217-28, 358-66.

Three days later, on March 20, 2014, Brogdon filed a motion to withdraw his plea in both cases.  Ex. B1 at 229-30.  The state trial court held an evidentiary hearing, Ex. B1 at 266-70, and thereafter denied the motion by order rendered July 11, 2018, nunc pro tunc March 21, 2014, Ex. B1 at 272.  In 2018, the First District Court of Appeal (First DCA) allowed Brogdon to appeal this ruling, as explained *infra*.

On September 17, 2014, Brogdon filed a motion to correct illegal sentence in the state trial court in case number 13-2895.  Ex. C1 at 1-7. The court summarily denied that motion by order on September 26, 2014. *Id.* at 8-29.  Brogdon appealed to the First District Court of Appeal (First DCA), assigned case number 1D14-5002, and that court affirmed the case without a written opinion on January 29, 2015.  Ex. C1 at 30-31; Exs. C2-C4; Brogdon v. State, 160 So. 3d 411 (Fla. 1st DCA 2015).  The mandate issued March 23, 2015, after the First DCA denied Brogdon's motion for rehearing.  Exs. C5-C7.

Brogdon was released from prison on April 14, 2015, having completed his 30-month sentence.  *See* www.dc.state.fl.us/offenderSearch.  On April

20, 2015, the state trial court issued a VOP warrant, based on allegations that Brogdon committed two new law violations on April 15, 2015, retail theft and resisting a merchant, and also violated the probation condition requiring that he first obtain his probation officer's consent before changing his residence.   Ex. E1 at 109.   Brogdon was arrested on April 20, 2015.   *See id.* at 114-21.   On April 22, 2015, the court issued an amended VOP warrant which included the original allegations in addition to allegations that Brogdon committed three new law violations on April 20, 2015, providing false identification to a law enforcement officer as well as two counts of resisting an officer without violence.   Ex. E1 at 122-23.

On July 22, 2015, Brogdon signed a "straight-up" VOP plea admitting to the violations.   Ex. E1 at 133.   On August 19, 2015, the court revoked Brogdon's probation and sentenced him to ten (10) years in prison.   Ex. E1 at 157-72; Ex. E2 at 200-16.   On August 25, 2015, the court amended the judgment to add $250 in court costs.

Brogdon appealed to the First DCA, assigned case number 1D15-4223, and counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that no issue of arguable merit existed.   Ex. D1.   Brogdon

filed a pro se brief.   Ex. D2.   The First DCA affirmed the case without a written opinion on March 30, 2016.   Ex. E1 at 176, 183; Exs. D1-D3; <u>Brogdon v. State</u>, 189 So. 3d 760 (Fla. 1st DCA 2016).   The mandate issued April 26, 2016.   Ex. D4.

On August 17, 2015, Brogdon filed a pro se motion for post-conviction relief in the state trial court, pursuant to Florida Rule of Criminal Procedure 3.850, raising five claims.   Ex. E1 at 140-50.   By order dated September 3, 2015, the state post-conviction trial court struck the motion, finding it facially insufficient, and granted him sixty (60) days to file an amended motion.   *Id.* at 173-74.   On January 14, 2016, Brogdon filed an amended Rule 3.850 motion and supporting memorandum, raising eight claims.   Ex. E2 at 236-52.   By order dated March 4, 2016, the state court summarily denied six of Brogdon's claims and directed the State to respond to the remaining two claims, which the court found facially sufficient.   Ex. E2 at 259-65 (exclusive of attachments).   The State filed its response on April 28, 2016.   Ex. E2 at 336-41 (exclusive of attachments).   By order on June 7, 2016, the state court ordered an evidentiary hearing Grounds 5 and 8, and appointed counsel for Brogdon.   Ex. E3 at 436-42 (exclusive of attachments); *see id.*

at 573-74, 580.

On June 16, 2016, Brogdon filed a motion for reduction or modification of his sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). Ex. E3 at 555-67.   By order rendered June 21, 2016, the state trial court denied the motion.   *Id.* at 572.

The Rule 3.850 evidentiary hearing occurred on September 23, 2016, during which Brogdon was represented by counsel.   Ex. E4 at 602, 699; 700-39 (transcript of hearing).   In an order rendered October 7, 2016, the state court denied post-conviction relief.   *Id.* at 637-43 (exclusive of attachments).

Brogdon, proceeding pro se, appealed the denial of post-conviction relief to the First DCA, Ex. E5 at 832-34, and he filed an Initial Brief, assigned case number 1D16-5057, Ex. E6.   The State filed an Answer Brief.   Ex. E7. Brogdon filed a Reply Brief.   Ex. E8.   The First DCA affirmed the case without a written opinion on December 11, 2017.   Ex. E9; Brogdon v. State, 237 So. 3d 955 (Fla. 1st DCA 2017) (table).   The mandate issued January 8, 2018.   Ex. E10.

On January 11, 2018, Brogdon filed another pro se motion for post-

conviction relief in the state trial court, pursuant to Florida Rule of Criminal Procedure 3.850, raising two claims based on "newly discovered evidence." Ex. B1 at 1417-29.   By order on July 17, 2018, the state post-conviction trial court dismissed the motion "as premature, without prejudice to filing a rule 3.850 motion within two years of the judgment and sentence becoming final." Ex. B1 at 1546-47.   Nothing indicates Brogdon appealed this order.   *See* ECF No. 15 at 8.

On January 26, 2018, Brogdon filed a pro se petition for belated appeal in the First DCA concerning the denial of his motion to withdraw his plea entered March 17, 2014, the plea relevant to the ground raised in this habeas proceeding.   Ex. F1.   On July 10, 2018, the First DCA dismissed the petition without prejudice to Brogdon's right to file a timely notice of appeal after the trial court rendered a written order denying his motion to withdraw his plea.   Ex. F2.

By order rendered July 11, 2018, nunc pro tunc March 21, 2014, the state trial court denied Brogdon's motion to withdraw his plea.   Ex.  B1 at 272.   Brogdon appealed this order to the First DCA, assigned case number 1D18-3196.   Ex. B1 at 273-74.   Through counsel, Brogdon filed an Initial

Brief.   Ex. B2.   The State filed an Answer Brief.   Ex. B3.   Brogdon filed a Reply Brief.   Ex. B4. The First DCA affirmed the case without a written opinion on November 12, 2019.   Ex. B5; Brogdon v. State, 288 So. 3d 2 (Fla. 1st DCA 2019) (table).   The court denied Brogdon's pro se motion for rehearing and written opinion, Ex. B6, by order on January 7, 2010, Ex. B7. The mandate issued January 28, 2020.   Ex. B8.

On May 20, 2019, Brogdon filed a petition for writ of habeas corpus in the state trial court.   Ex. H1.   On August 14, 2019, the court dismissed the petition without prejudice to Brogdon properly refiling the petition.   Ex. H2. Brogdon filed an amended petition on August 29, 2019.   Ex. H3.   On December 2, 2019, the court dismissed the amended petition without prejudice to Brogdon filing a proper motion within the time provided in Rule 3.850(b).   Ex. A2 at 1.   Brogdon did not appeal the order.   *See* ECF No. 15 at 10.

On January 10, 2020, Brogdon filed another Rule 3.850 motion alleging newly discovered evidence.   Ex. I1.   By order on May 18, 2020, the state trial court struck the motion as facially insufficient.   Ex. I2.   On May 29, 2020, Brogdon filed an amended motion in the state trial court.   Ex. I3.

In the meantime, as indicated above, Brogdon filed a § 2254 petition in this Court on January 31, 2020. ECF No. 1. He raises one ground, asserting his no contest plea entered March 17, 2014, was invalid because the record does not affirmatively show the plea involved an intelligent and voluntary waiver of his constitutional rights. *Id.* at 9. On July 31, 2020, Respondent filed an answer, with exhibits. ECF No. 15. Brogdon filed a reply on August 28, 2020. ECF No. 18. On September 2, 2020, Brogdon filed a Motion for Summary Judgment and Expedited Ruling. ECF No. 19.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 180-83 (2011); Gill v. Mecusker, 633 F.3d 1272, 1287-88 (11th Cir. 2011).   "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"   Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).   This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits."   *Id.*

Petitioner Brogdon, while represented by counsel, entered pleas of nolo contendere on March 17, 2014, to resolve pending VOP charges and new law violations.   Ex. B1 at 211-12, 234-39.   The U.S. Supreme Court has strictly limited the circumstances under which a guilty plea or its equivalent may be attacked on collateral review.   Bousley v. United States, 523 U.S. 614, 621 (1998).   "'It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.'"   *Id.* (quoting Mabry v.

Johnson, 467 U.S. 504, 508 (1984)); *see* Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."). That a plea is one of nolo contendere, as here, rather than guilty, does not warrant a different analysis for purposes of federal habeas corpus.  *See* North Carolina v. Alford, 400 U.S. 25, 35-37 (1970); *see also* Florida v. Royer, 460 U.S. 491, 495 n. 5 (1983) (explaining that "[u]nder Florida law, a plea of nolo contendere is equivalent to a plea of guilty").

In his § 2254 petition, Brogdon raises one ground, asserting that the record does not show that the March 2014 no contest plea involved an intelligent and voluntary waiver of his constitutional rights.   ECF No. 1 at 9. He explains that the state trial court's plea colloquy "was devoid of any mention of the specific constitutional rights that [he] was entitled to and would be waiving by entering a plea; rights such as the privilege against self-incrimination, the right to a jury trial, the right to compel the attendance of witnesses, and the right to confront and cross-examine witnesses."   *Id.* at 9-

10. This omission by the state trial court, argues Brogdon, "resulted in a failure to satisfy due process which is secured by the 5th and 14th Amendments to the United States Constitution" as "[a] valid waiver of these key constitutional rights cannot be presumed from a silent record." *Id.* at 10. Thus, Brogdon concludes his plea is unconstitutional and invalid. *Id.*

In its answer, Respondent asserts Brogdon did not exhaust this ground in the state courts because he did not fairly present any federal constitutional argument in his written motion to withdraw his plea or at the evidentiary hearing thereon. ECF No. 15 at 14-15. Respondent further asserts that, although Brogdon did raise a federal constitutional argument in the First DCA, in the appeal from the order denying his motion to withdraw his plea, this is insufficient because he did not adequately preserve the argument in the trial court. *Id.* at 15-16.

The record reflects that, in his motion to withdraw his plea, filed by counsel, he asserted he "was not thinking straight when the Court inquired if he had any questions." Ex. B1 at 229. At the hearing on that motion, Brogdon's counsel indicated that "he was unsure as to whether or not he wanted to withdraw his plea." *Id.* at 267. The Assistant State Attorney explained:

Here's what happened, your Honor:   We basically agreed to a below-the-guidelines sentence.   By the way, one of the reasons it was a below-the-guidelines sentence, Mr. Brogdon had actually written me a letter, which I shared with the defense, asking for the particular sentence he got.   So it was certainly free and voluntarily entered.

*Id.*   The judge then stated, "That's what I'm trying to, I'm just trying to remind myself, because normally I – I just want to make sure I've done all my inquiry. He came in front of me and we took a plea?"   *Id.*   Brogdon responded, "Absolutely.   Plea colloquy, did everything."   *Id.* at 267-68.   Brogdon explained:

Well, the most part, what I'm uncomfortable with is the, the drug offender probation, your Honor.   I mean, I did, I did agree to probation following up, but I mean, as far as trying to help me with the drugs or whatever, I've been accepted to the Teen Challenge program since October.

*Id.* at 268.   The following then transpired:

THE COURT:   Let me ask you a question.

THE DEFENDANT:   That was never . . .

THE COURT:   When I, and I typically and I do this intentionally, when you came in front of me, I probably asked you three different occasions, did you understand what you were doing; did I not?

THE DEFENDANT:   You did, and at that point in time, I wasn't aware that I, that – it's my understanding you're only supposed to be sentenced to the drug offender probation, it's kind of like, maybe in lieu of a prison sentence, but for a particular drug

offense.    I'm coming out on a probation for the burglary charge.

THE COURT:   I'm going to deny the motion to withdraw plea. And Missy (clerk), would you ask them to produce a transcript of the colloquy, and I'll attach it to the order denying the withdrawal of the plea.

THE CLERK:   Okay.

THE COURT:   Because I probably asked him 20 different times, did you understand.   You just told me you understand the plea. We're not going, we're not going to do this.

MR. PELL [Assistant State Attorney]:   And we talked about the drug offender conditions.

THE COURT:   Yeah.   And what you just asserted –

MR. PELL:   With this count.

THE COURT:   And what you just asserted is inaccurate.   The Court has the discretion to place you on drug offender probation for any reason.   If there's anything in the record about – what you just said is inaccurate.   The plea was knowingly and voluntarily entered.   I'm going to deny, and I'm going to get a copy.   That's why that microphone, that's why that microphone is in front of you, sir.   So all these questions I ask you, I'm going to have the transcribed order, attach I to the plea, and I'm confident that it's going to show that I probably asked you two or three variations of that to make sure you understand what you were doing.   Okay.   That's denied.   Next case.

*Id.* at 268-70.

In the appeal from the order denying the motion to withdraw his plea,

Brogdon raised one point, through counsel, in his Initial Brief:

THE RECORD FAILS TO AFFIRMATIVELY SHOW THAT
DEFENDANT'S PLEA OF NO CONTEST INVOLVED AN
INTELLIGENT AND VOLUNTARY WAIVER OF HIS
CONSTITUTIONAL RIGHTS.   THE PLEA TRANSCRIPT
REVEALS THAT THE TRIAL COURT:   (1) FAILED TO
DETERMINE IF HE UNDERSTOOD THE RIGHTS HE WAS
GIVING UP; (2) FAILED TO VERIFY HE HAD READ AND
UNDERSTOOD THE CONTENTS OF THE PREPRINTED PLEA
FORM; AND (3) FAILED TO INQUIRE ON THE FACTUAL
BASIS FOR THE PLEA EVEN THROUGH COUNSEL
STIPULATED THERE WAS A FACTUAL BASIS.

Ex. B2 at i.   Brogdon argued the trial judge abused his discretion in not

allowing him to withdraw his plea and reversing that order would correct a

manifest injustice given that the transcript of the plea hearing reflects a "very

superficial plea colloquy."   *Id.* at 6.   He further argued "the record fails to

affirmatively show – as due process requires – that [he] knowingly and

intelligently waived his constitutional rights at the time he entered his plea of

nolo contendere."   *Id.*   The brief includes a citation to Boykin v. Alabama,

395 U.S. 238, 242-43 (1969), along with an argument that "to comport with

the guarantee of due process – secured by the Fifth And Fourteenth

Amendments to the United States Constitution and Article 1, s. 9 of the

Florida Constitution – the transcript of a plea hearing must affirmatively show

that the defendant's plea of guilty or nolo contendere was accompanied by

an intelligent and voluntary waiver of his constitutional rights."   Ex. B2 at 9.

The State's Answer Brief in that appeal does not cite any federal constitutional provisions or cases.   Ex. B3 at iii.   The State asserted Brogdon had not preserved for appellate review any argument concerning the court's alleged failure to explicitly recite the full plea colloquy.   Id. at 12, 14-17.   Further, the State asserted the court properly determined Brogdon had failed to demonstrate his plea was involuntary and, accordingly, properly denied the motion to withdraw.   *Id.* at 12, 18-25.

The First DCA affirmed the case without a written opinion.   Ex. B5; Brogdon v. State, 288 So. 3d 2 (Fla. 1st DCA 2019) (table).   The First DCA's summary affirmance is an adjudication on the merits entitled to deference under 28 U.S.C. § 2254(d).   *See* Richter, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").   A review of the record supports the state courts' determination.   *See* Wilson v. Sellers, -- U.S. --, 138 S. Ct. 1188, 1192 (2018) ("We hold that the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the

same reasoning.").

Assuming Brogdon exhausted this ground, it lacks merit and should be denied.   *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").   "A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process." Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991) (citing Boykin, 395 U.S. at 243-44); *see* Alford, 400 U.S. at 31 (summarizing federal due process standard as "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant").   "'If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.'"   Stano, 921 F.2d at 1141 (quoting Frank v. Blackburn, 646 F.2d 873, 882 (5th Cir. 1980) (en banc)).

As referenced above, due process requires that a guilty plea be "intelligent" and "voluntary."   *E.g.*, Bousley v. United States, 523 U.S. 614, (1998); Alford, 400 U.S. at 31; Brady v. United States, 397 U.S. 742, 748 (1970); Boykin, 395 U.S. at 242.   "[A] plea does not qualify as intelligent

unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'"   Bousley, 523 U.S. at 618 (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)).   A defendant "receives 'real notice' of the charge when he has been informed of both the nature of the charge to which he is pleading guilty and its elements," either at or before the plea hearing. Gaddy v. Linahan, 780 F.2d 935, 943 (11th Cir. 1986) (citing Henderson v. Morgan, 426 U.S. 637, 645-47 (1976)).   "In addition, the defendant should understand how his conduct satisfies those elements."   Id. at 944.

Due process also requires "that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'"   United States v. Ruiz, 536 U.S. 622, 629 (2002) (quoting Brady, 397 U.S. at 748); see Boykin, 395 U.S. at 242.   "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial[,]" including "the privilege against compulsory self-incrimination," "the right to trial by jury," and "the right to confront one's accusers."   Boykin, 395 U.S. at 243.   The Court "cannot presume a waiver of these three important federal rights from a silent

record."   *Id.*

In this case, the state court record contains the written Plea, Waiver, and Consent document, signed by Brogdon and filed in the state trial court on March 17, 2014.   Ex. B1 at 211.   In this document, Brogdon entered his no contest plea to both the VOP and the new law violations (burglary of a dwelling and petit theft), with the agreed sentence of thirty (30) months in prison in each case to run concurrently, followed by five (5) years of probation.   *Id.*   The document includes the statement, "I feel my plea is in my best interest," and acknowledgement that he understood "the complete terms of the plea agreement."   *Id.*   The document also contains the following paragraphs, which include, in paragraph 4, the "three important federal rights" identified in Boykin:

> 4.   I understand that I have the right to plead not guilty; **to be tried by a trial jury** who would determine my guilt or innocence; to have the assistance of counsel at trial and all other stages of the proceedings against me; to compel the attendance of witnesses in my behalf; **to confront and cross-examine witnesses against me**; **to remain silent at all times and not be compelled to give evidence against myself**.   I understand that upon my plea that there will be no further trial of any type.   **I knowingly give up and waive each of these rights**.

> 5.   This plea is made without reservation of the right to appeal the judgment of the Court, including guilt or innocence.   I understand that I will not be entitled to the services of a Public Defender for any appeal other than an appeal based upon an

illegal sentence and I must file any notices of appeal within thirty (30) days of sentencing.

6.   My plea is entered here today freely and voluntarily, of my own free will and accord, and no one has forced, threatened, persuaded, promised, induced or otherwise influenced me to enter my plea to these charges except as set forth in this plea agreement.

7.   I am in full command of my normal faculties and I am not under the influence of any sedative, drugs, narcotics, or intoxicating beverages which would render me incapable of knowingly, intelligently or voluntarily entering this plea today.   I am not now suffering from any mental illness.   I have a clear understanding of the proceedings today.

8.   The Defendant agrees that the State of Florida can prove a prima facie case.

. . . .

15.   I have reviewed the nature of the evidence against me and I am not aware of any physical evidence containing DNA which could prove my innocence.

*Id.* at 212 (emphasis added).   The date and Brogdon's signature, as well as that of his counsel, appear under these paragraphs.   *Id.*   Below that, the judge signed and dated a finding that "this plea has been freely and voluntarily made."   *Id.*

At the plea hearing, held on the same day that Brogdon signed the Plea, Waiver, and Consent document, Brogdon affirmatively indicated to the court that he wanted to accept the plea.   Ex. B1 at 234.   The judge placed

Brogdon under oath and stated, "So you're resolving your case this morning. That means we're going to take you off the trial list." *Id.* at 235.   The judge reviewed the charges and Brogdon testified he understood.   *Id.*   The judge asked, "And you want to admit that you violated probation and that the new charges were the basis for the violation?"   *Id.*   Brogdon answered, "Right." *Id.* at 236.     The judge explained he would be adjudicated guilty and sentenced according to the terms of the plea agreement.   *Id.* at 236-37. Brogdon confirmed that he understood.   *Id.* at 237.   The judge noted Brogdon was receiving a below-the-guidelines sentence, which the prosecutor described as "quite a bit below," and asked if he had any questions.   *Id.*   The judge pointed out that "it's a reasonable resolution" and asked Brogdon if this is what he wanted to do.   *Id.* at 238.   Brogdon answered, "Yes, sir."   *Id.*   The judge again asked if he had any questions and Brogdon shook his head negatively.   *Id.*   The defense stipulated that the State could prove the charges "[f]or the purposes of the plea."   *Id.*   The judge again asked Brogdon if he had any questions, explaining "this is your time to talk to me; otherwise, you're not going to get to talk to me again on this case."   *Id.*   Brogdon had "(No Audible Response)."   *Id.*   The judge asked him if he was satisfied with the services of his lawyer and Brogdon

answered, "I'm good."   *Id.*   The hearing concluded shortly thereafter, with the judge acknowledging the recommendation that Brogdon be placed at Bay Correctional Institution.   *Id.* at 239.

As indicated above, the judge signed and dated the Plea, Waiver, and Consent document, including the finding that the plea was "freely and voluntarily made."   Ex. B1 at 212.   It appears this was done contemporaneously with the plea hearing as the judge seems to refer to the written document throughout the proceeding.   *See id.* at 212, 234-39. Under Florida law, judges are not precluded from using preprinted forms as part of the plea colloquy, as long as the colloquy reflects that the defendant has intelligently understood the written information.   Hen Lin Lu v. State, 683 So. 2d 1110, 1112 (Fla. 4th DCA 1996); Edenfield v. State, 45 So. 3d 26, 32 n.12 (Fla. 1st DCA 2010) (citing Hen Lin Lu and explaining "[w]ritten plea forms are demonstrative of a knowing and intelligent waiver, and as long as the court does not rely on them entirely, they are probative").   During the hearing, Brogdon repeatedly stated under oath that this was how he wanted to proceed, he understood the terms, and he had no questions.   Ex. B1 at 234-39.   Representations made during the plea colloquy carry a strong presumption of verity. *See* Blackledge, 431 U.S. at 73–74 ("[T]he

representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."). Moreover, as reflected in the procedural history set forth above, Brogdon was "not a stranger to plea proceedings" as he had entered pleas in this case before and after March 17, 2014.   *See, e.g.*, Stano, 921 F.2d at 1142 (noting, in concluding guilty pleas were voluntary, knowing, and intelligent, "Stano was not a stranger to plea proceedings" as he had pled guilty to three previous indictments).

Based on the record in this case, Brogdon's federal due process rights were not violated in the state court plea process.   He entered his plea intelligently and voluntarily, with an understanding of the charges and penalties.   He affirmed under oath that he understood this was how he wanted to proceed, he understood the terms of the plea, and he had no questions.   Ex. B1 at 234-39.   His statements at the plea hearing comport with the written Plea, Waiver, and Consent document, in which Brogdon further confirmed by his signature thereon that, among other things, he understood his rights, that he knowingly gave up and waived each of those

rights, and that he "freely and voluntarily, of [his] own free will and accord" entered the plea agreement.   *Id.* at 212.

Petitioner Brogdon has not shown that the state courts' adjudication of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.   *See* 28 U.S.C. § 2254(d)(1)-(2).   This ground should be denied.

## Conclusion

Petitioner Shawne D. Brogdon is not entitled to federal habeas relief. The § 2254 petition (ECF No. 1) should be denied.   His motion for summary judgment (ECF No. 19) should also be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.   *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## <u>Recommendation</u>

It is therefore respectfully **RECOMMENDED** that the Court **DENY** § 2254 petition (ECF No. 1).   Petitioner's motion for summary judgment (ECF No. 19) should also be **DENIED**.   It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 2, 2020.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.